# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LORI O'HERN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08 c 4934 |
| | ) |
| JOHN M. LAYTON, JR., and | ) |
| THUREL MASON TRUCKING, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion to remand [10]. For the reasons stated below, the Court respectfully denies the motion.

## I.     Background

This action arises out of collision involving a tractor-trailer driven by Defendant John M. Layton, Jr., a vehicle driven by Plaintiff Lori O'Hern, and a third vehicle driven by a person who is not a party to this lawsuit. Plaintiff initially filed suit in the Circuit Court of Cook County, asserting among other things that she suffered damages in excess of $50,000. Defendants timely removed the case to this Court on the basis of diversity jurisdiction. It appears to be undisputed that Plaintiff is a citizen of Illinois and that Defendants are citizens of Utah. However, Plaintiff seeks remand to state court on the ground that Defendants' contention that the amount in controversy exceeds $75,000 is "speculative." See 28 U.S.C. § 1332(a) (stating the requirements for diversity jurisdiction, including that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

In an effort to establish the amount in controversy prior to removing the case to federal court, Defendants tendered to Plaintiff requests to admit. In her responses, Plaintiff admitted "that the *current* estimated value of her damages, based on her current bills and known injuries, *probably* does not exceed $75,000.00, exclusive of costs." (Emphasis added.) Plaintiff further admitted "that a tender of $75,000.00 from the Defendants to her would extinguish her claim." But Plaintiff declined to admit or deny whether she would "seek an award following any trial of more than $75,000 of this matter," objecting that the request improperly "asks for Plaintiff's trial strategy and speculation as to what the evidence at a trial of this cause may warrant in terms of damages."

## II.     Analysis

As an initial matter, Plaintiff correctly observes that the "reasonable probability that jurisdiction exists" standard cited in Defendant's brief no longer applies in the Seventh Circuit. In *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006), the court "retract[ed]" the "reasonable probability" language, finding that "it has no role to play in determining the amount in controversy." As the proponents of federal jurisdiction, Defendants bear the burden of showing by a preponderance of the evidence facts that suggest that the amount in controversy requirement is satisfied at the outset of the lawsuit. See *id*. at 540-41. When the plaintiff's complaint does not establish the amount in controversy, the defendant may point to relevant contentions or admissions, settlement demands, or other evidence to show the existence of contested factual assertions as to the value of the case, and thus the amount in controversy. *Id*. at 541-42; see also *Shadday v. Rodriguez Mahuad*, 2006 WL 2228958, at *3 (S.D. Ind. Aug. 2, 2006). Whether the damages in a particular suit actually will exceed $75,000 "is not a fact but a

prediction, and with respect to that subject a court must decide whether 'to a legal certainty * * * the claim is really for less than the jurisdictional amount." *Meridian Security*, 441 F.3d at 541.

The Seventh Circuit has recognized that the task of ascertaining the amount in controversy sometimes "is easier said than done when the plaintiff, the master of the complaint, does not want to be in federal court and provides little information about the value of her claims." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "In such a case, a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id*. To gather such evidence on "what the plaintiff stands to recover," the Seventh Circuit has suggested several methods that "the removing defendant, as proponent of federal jurisdiction," may employ. *Meridian Security*, 441 F.3d at 541-42.

Defendants availed themselves of one of those methods by promptly serving on Plaintiff requests to admit directed at ascertaining the amount in controversy. Defendants' requests to admit presented an opportunity to clarify the amount in controversy. The Seventh Circuit has made clear that a "plaintiff who has a modest claim that [she] does not want to be forced to litigate in federal court * * * can avoid that fate, in a case in which only monetary relief is sought, simply by stipulating that [she] is not seeking and will neither demand nor accept any recovery in excess of $75,000 exclusive of costs and interest." *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000); see also *Oshana*, 472 F.3d at 511 (noting that if the plaintiff "really wanted to prevent removal, she should have stipulated to damages not exceeding the $75,000 jurisdictional limit"). If the plaintiff declines to make such a stipulation, "the inference arises that [she] thinks [her] claim may be worth more." *Workman*, 234 F.3d at 1000.

Here, Plaintiff admitted that she would take $75,000 in settlement on the date that she responded to Defendants' requests to admit and that her then-current estimated value of damages "*probably* does not exceed $75,000.00, exclusive of costs." (Emphasis added.) Plaintiffs' use of the wiggle-word "probably" in all likelihood was enough to doom her remand motion, for Plaintiff left open some doubt as to whether it is "legally certain" that she would recover less than the jurisdictional floor. See *Meridian Security*, 441 F.3d at 543. But if that equivocation were not enough, Plaintiff's refusal to admit that she "will not seek an award following any trial of more than $75,000" even more clearly mandates denial of her motion to remand.

As the Seventh Circuit has stressed, because jurisdiction must be decided at the outset of a case, it is "only fair" to demand clarity from plaintiffs who wish to remain in (or return to) state court on the ground that their claims are too small to satisfy the federal amount in controversy requirement. *Oshana*, 472 F.3d at 512. In the absence of such clarity, a plaintiff may engage in "a cat-and-mouse game, purporting to disclaim damages in excess of $75,000 but refusing to admit or stipulate that her damages will not exceed that amount." *Id*. The case law in this circuit nips any temptation to play the "cat-and-mouse game" in the bud; Plaintiff "cannot have it both ways – she cannot disclaim damages in excess of $75,000 in order to defeat federal jurisdiction but preserve her right to recover more than that amount by refusing to admit or stipulate to the jurisdictional limit." *Id*. at 513.

In sum, "[o]nly if it is 'legally certain' that the recovery (from the plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Meridian Security*, 441 F.3d at 541-43. Because the court cannot be sure that Plaintiff here is "bound to recover less than $75,000" on the evidence adduced to date, "this case is properly in federal court under the diversity jurisdiction." *Id*.

**III.    Conclusion**

For the reasons stated above, Plaintiff's motion to remand [10] respectfully is denied.

Dated:  December 1, 2008
_____
Robert M. Dow, Jr.
United States District Judge